The Honorable Olin Cook State Representative 266 South Enid Avenue Russellville, AR 72801
Dear Representative Cook:
This is in response to your request for an opinion on the following questions concerning the issuance of personal property and real estate ad valorem tax statements:
 1. Does federal or state law preclude notification of current tax due by first class postcard?
 2. Does federal or state law preclude notification of delinquent taxes due by first class postcard?
I am unaware, as an initial matter, of any federal law that would be controlling in this regard. I assume, although a fact question could conceivably arise, that there is no constitutional issue with respect to the adequacy of the notice. It thus appears that resolution of these questions will turn on state law provisions.
With regard to your first question involving current taxes, it is my opinion that the use of postcards is not necessarily precluded. Arkansas Code Annotated § 26-35-705 (Supp. 1995) simply states that "[n]o later than July 1 of each year, the sheriff or collector shall be required to mail statements of taxes due by any taxpayer. . . ." The method or means of accomplishing this mailing are not specified. My review indicates, however, that the ability to use postcards may ultimately turn on practical considerations. That is, can a complete tax statement be reduced to a postcard format such that the postcard will itself reasonably constitute a "tax statement"?
I lack sufficient information to fully address that issue. It should be recognized, however, that the relevant Arkansas Code provisions clearly envision the processing or preparation of "tax statements." See A.C.A. §26-28-202 (Repl. 1992) (governing the "unit tax ledger system" and requiring that "[t]he tax statement . . . shall be done by an accounting machine at one (1) time which shall enable the operator to mail acomplete tax statement to the taxpayer and file a duplicate copy
alphabetically in a steel locker for safekeeping[.]" (emphasis added)).See also A.C.A. § 26-28-305 (Supp. 1995) (regarding computerized tax assessment and collection, and the tax collector's duty to "[p]repare thetax statements. . . ." (emphasis added), and A.C.A. § 26-35-706 (Repl. 1992) (authorizing every county tax collector "who mails tax statements" to charge a postage fee "not to exceed the cost of first-class postage to defray the expense of processing and mailing tax statements.")
Thus, I believe the key consideration in addressing your question is whether the collector will have properly prepared or processed a "tax statement" when a postcard is used. Although the term "tax statement" is not defined, the document that has historically been created or developed in this regard should perhaps be referred to in determining whether the postcard format can reasonably be utilized.
In response to your second question involving delinquent taxes, the Arkansas Code requires the publication of a delinquent personal property tax list and a list of the delinquent lands in each county. See,
respectively, A.C.A. §§ 26-36-203 (Supp. 1995) and 26-37-107 (Supp. 1995). The lists must include the name of the taxpayer and his school district (as to delinquent personal property taxes), and the owner and a legal description of the lands (as to delinquent real estate taxes). Id.
Certain publication costs are authorized, to be charged to the delinquent taxpayer or added as costs of forfeiture. Id.
Provision is thus currently made for notification of delinquent taxes by publication. Clearly, this notification procedure must be followed and any other notification effort could not be in lieu of the publication. Assuming, however, that the postcard was sent simply as a reminder in addition to publication, it is my opinion that this is probably not precluded. But there is no authority, in my opinion, for collecting the postage or other associated costs from the taxpayer. Rather, this would need to be part of the collector's operating budget.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh